UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

COURTNIE GOOD,

    **Plaintiff,**

  v.                                  Case No.: 2:17-cv-647
                                        JUDGE SMITH
                                        Magistrate Judge Deavers

**DAVE & BUSTER'S,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Dave & Buster's Motion for Summary Judgment (Doc. 28). Plaintiff Courtnie Good responded (Doc. 34), and Defendant replied (Doc. 38). The Motion is fully briefed and ripe for disposition. For the following reasons, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

This case arises out of an alleged injury sustained by Plaintiff at Defendant's place of business when Plaintiff stepped and/or tripped on an electrical cord powering one of Defendant's arcade games on or about September 2, 2016. (Doc. 28, Compl. at ¶ 1). This action was originally filed in the Franklin County Common Pleas Court, Columbus, Ohio, on June 20, 2017, and was subsequently removed to this Court on diversity grounds on July 25, 2017. (Doc. 1, Not. of Rem. at ¶¶ 1, 9, 12). Defendant Dave & Buster's, Inc.[1] is a foreign corporation incorporated in Missouri

---

[1] Plaintiff improperly sued "Dave & Busters," however, the distinction is not material, and Dave and Buster's, Inc. will be referred to exclusively as "Defendant" for the purposes of this Opinion and Order. (Doc. 1, Not. of Rem. ¶ 1).

with its principal place of business in Texas. (*Id.* at ¶ 11). Plaintiff is a resident of Ohio. (*Id.* at ¶ 10).

On September 2, 2016, Plaintiff and her children, along with one of Plaintiff's friends and that friend's nephew, visited one of Defendant's locations to celebrate Plaintiff's and her son's birthdays. (Doc. 30, Good Dep. at 87:3–18). After the group ate dinner, they began playing arcade games. (*Id.* at 91:7–92:7). Specifically, two of the children wanted to play the game "Pump It Up," or "Dance Dance Revolution" (hereinafter, the "Game"). (*Id.* at 94:15–95:13). The Game consists of two separate consoles or components: a platform and a screen. (*Id.* at 98:15–17). Players stand and dance on the platform to control their on-screen character in front of them. (*Id.* at 98:18–99:2). The platform and the screen are not connected by anything except a power cord. In this instance, the Game was situated in the middle of the room and Plaintiff estimates that the platform was situated approximately 6–8 inches from the freestanding screen. (*Id.* at 106:1–3).

Plaintiff approached the Game with a prepaid card loaded with game credits so her son could play the Game with Plaintiff's friend, who was already standing on the Game's platform. Plaintiff stepped onto the platform, swiped her game card, and then stepped off the platform. (*Id.* 97:3–99:11, 107:14–108:5). Plaintiff's left foot landed on the black electrical cord connecting the platform and screen. (*Id.* at 108:6–10). As a result, Plaintiff fell to the ground and suffered a broken ankle. (*Id.* at 110:16–111:12).

At the time of Plaintiff's fall, the room was very dark. The main overhead lights were turned off and the only lighting in the room came from the various games on the floor. (*Id.* at 109:1–6). Plaintiff looked down before she stepped off the platform, but she did not see the power cord because the room was so dark. (*Id.* at 108:11–20). The power cord was in plain sight and would have been visible to Plaintiff, but for the darkness in the room. (*Id.* at 126:21–127:8).

## II. STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d

502, 511 (6th Cir. 2009). But self-serving affidavits alone are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

## III. DISCUSSION

Defendant seeks summary judgment on the grounds that Plaintiff's negligence claims fail as a matter of law because she cannot establish that Defendant owed her a duty of care. Specifically, Defendant argues that it did not owe Plaintiff a duty of care with regard to the location of the power cord because "Plaintiff knowingly and willingly stepped down into a darkened area knowing that she could not observe the ground where she was stepping." (Doc. 28, Mot. at 6). Defendant relies on the recognized theory in Ohio that darkness creates an open and obvious condition. (*Id.*). Plaintiff generally counters that a genuine dispute of material fact exists as to whether the darkness present at the time of Plaintiff's fall constituted an open and obvious condition. (Doc. 34, Resp. at 2–4). The parties also briefly discussed Ohio's "step-in-the-dark rule."

In order for Plaintiff to succeed on her negligence claims, she must show "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10 (citing *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 21). "When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the

4

landowner and the plaintiff." *Id.* (citing *Gladon v. Greater Cleveland Reg'l Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996)). Here, Plaintiff does not contest that she was a business invitee on Defendant's premises. As such, Defendant had a duty to "'to exercise ordinary care and to protect [Plaintiff] by maintaining the premises in a safe condition.'" *Id.* (quoting *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986)). However, as both parties recognize:

> this duty does not require landowners to insure the safety of invitees on their property. As we have repeatedly recognized, "[t]he open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises."

*Id.* (quoting *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus). "Thus, when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law." *Id.* (citing *Armstrong* at ¶ 14–15). Finally, "Ohio courts have consistently recognized that darkness is an open and obvious condition that should not be disregarded." *McDonald v. Marbella Rest.*, 8th Dist. Cuyahoga No. 89810, 2008-Ohio-3667, ¶ 33 (July 24, 2008) (citing cases). Further, courts have noted that "whether a danger is open-and-obvious requires an extremely fact-specific inquiry. *Henry v. Dollar Gen. Store*, 2nd Dist. Greene No. 2002-CA-47, 2003-Ohio-206, ¶ 16 (Jan. 17, 2003).

Plaintiff argues that she "was standing on flat ground, stepped on the platform to activate the game, and attempted to step back to where she was standing. Reasonable minds may differ as to whether a reasonable person would investigate the area where she just came from before stepping back down." (Doc. 34, Resp. at 3). However, Plaintiff's deposition testimony clearly indicates that, despite her attempt to simply step on the platform and then back off the platform in the same location, she did not do so. Plaintiff stepped onto the platform from the side, and then dismounted the platform in a different location—namely, in a six-inch-wide space between the

5

platform and the screen. (Doc. 30, Good Dep. at 131:23–132:3, 135:4–6, Ex. 2). Plaintiff also testified that she looked at the area where she was stepping off the platform but did not observe the power cord because it was so dark (*Id.* at 108:11–20), and that nothing else made the power cord unobservable aside from the darkness. (*Id*. at 126:21–127:8).

The Court finds this case to be analogous to *Leonard v. Modene & Assoc., Inc.*, 6th Dist. Wood No. WD-05-085, 2006-Ohio-5471 (Oct. 20, 2006). In *Leonard*, a real estate agent stepped into a darkened room that he presumed to be a cellar. *Id*. at ¶ 5. Instead, the room turned out to be an old coal bin. *Id*. The plaintiff fell approximately six feet and sustained injuries. *Id*. The *Leonard* court relied on the open-and-obvious doctrine and reasoned:

> there were two hazards: the drop-off into the coal bin and the darkness. If, in fact, there was enough light to see, Leonard should have been able to observe that there were no steps, making the drop-off an open and obvious danger. If the room was too dark to see the drop-off, however, and Leonard entered the area without being able to see where he was stepping, then he also disregarded an open and obvious hazard—the darkness. Thus, even presuming a factual question was created by Leonard's testimony regarding the lighting conditions of the hallway and room, he cannot establish a negligence claim. Under either condition, [plaintiff] simply failed to exercise proper care and failed to protect himself from an observable, obvious hazard.

*Id*. at ¶ 56. The same situation is present here. Plaintiff was faced with two hazards: the power cord and the darkness. If there were enough light to see the power cord, Plaintiff ignored an open and obvious danger by stepping on it. However, if Plaintiff was not able to see the power cord because of the room's darkness (which Plaintiff has stated was the case), but still stepped off the game, then she ignored the open and open obvious danger of darkness. Just as in *Leonard*, Plaintiff, here, failed to exercise proper care and her negligence claims fail as a matter of law.

6

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is hereby **GRANTED**. The Clerk shall remove Document 28 from this Court's pending motions list and enter final judgment in favor of Defendant.

**IT IS SO ORDERED.**

> */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**